IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-cv-82-FL

| THE DANIEL GROUP, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ANSWER AND COUNTERCLAIM |
| SERVICE PERFORMANCE GROUP, INC., | ) | |
| Defendant. | ) | |

Service Performance Group, Inc. ("SPG") answers the corresponding numbered paragraphs of the *Complaint* as follows:

1. Admitted upon information and belief.

2. SPG admits it is a corporate entity organized under the laws of the state of North Carolina and that it has its principle place of business at 307 South Salem Street, Apex, North Carolina, 27502.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted upon information and belief.

9. SPG admits upon information and belief that The Daniel Group ("Daniel") markets its services under the SERVICE PERFORMANCE mark and that Daniel is the owner of

U.S. service mark no. 3,457,247. Except as admitted herein, Defendant lacks information upon which to form a belief and therefore denies the same.

10. Denied upon information and belief.

11. Denied upon information and belief.

12. Admitted.

13. Admitted.

14. SPG admits that its articles of incorporation were filed with the Secretary of State of the State of North Carolina on the seventh day of July, 2008. Except as admitted herein, the allegations of paragraph 14 are denied.

15. Defendant admits that through its predecessors in interest, since 1992, SPG has been providing mystery shopping services to business for the purposes of assisting the businesses improve customer services. Upon information and belief, the marketing channels of SPG and Defendant overlap.

16. SPG admits that Daniel's use of its SERVICE PERFORMANCE mark is likely to cause the public to be confused and deceived and lead the public to believe that Daniel's services are owned or sponsored by, or in some way, associated or affiliated with Defendant. The parties' concurrent uses of their respective marks are likely to cause consumer confusion. Except as admitted herein, the allegations of paragraph 16 are denied.

17. SPG admits that the parties' marks are confusingly similar in appearance, sound, and overall impression. Except as admitted herein, the allegations of paragraph 17 are denied.

18. SPG admits that Daniel sent a cease and desist letter to SPG on December 15, 2009, requesting SPG cease using SPG's SERVICE PERFORMANCE GROUP mark, and that

SPG refused to do so by letter dated January 14, 2010. Except as admitted herein, the allegations of paragraph 18 are denied.

19. SPG admits that it continues to use the mark SERVICE PERFORMANCE GROUP with knowledge of Daniel's registered mark. Except as admitted herein, the allegations in paragraph 19 are denied.

20. The responses of the preceding paragraphs are repeated herein.

21. Admitted upon information and belief.

22. SPG admits that the parties have and continue to use in commerce in connection with the marketing and sale of their respective services marks that are virtually identical, both visually and phonetically, and that the concurrent use of the marks is likely to cause confusion, mistake, or deception as to the source, origin, and authenticity of the respective services. Except as admitted herein, the allegations of paragraph 22 are denied.

23. SPG admits that the parties' concurrent use of their respective marks is likely to cause and may have caused confusion. Except as admitted herein, the allegations in paragraph 23 are denied.

24. SPG admits that the parties' use of their respective marks to market and sell their respective services through the same channels of commerce constitutes service mark infringement. Except as admitted herein, the allegations of paragraph 24 are denied.

25. Denied.

26. The responses of the preceding paragraphs are repeated herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. The responses of the preceding paragraphs are repeated herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. The responses of the preceding paragraphs are repeated herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. The responses of the preceding paragraphs are repeated herein.

45. SPG admits that the parties' respective marks are confusingly similar and that their concurrent use is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of the source, origin, sponsorship, or approval of the respective services or activities. Except as admitted herein, the allegations of paragraph 45 are denied.

46. Denied.

47. Denied.

48. Denied.

## FIRST AFFIRMATIVE DEFENSE
### Failures to State a Claim
### Fed Civ P. 12(b)(6)

49. One or more of Daniel's claims failed to state a claim for which relief may be granted and should therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE
### Prior Good Faith Use
### 15 U.S.C. § 1115(b)(5)

50. Through its predecessors in interest, SPG began using the term SERVICE PERFORMANCE GROUP in good faith and without notice of Daniel's claim of trademark rights prior to the effective date of Daniel's federal trademark registration and prior to Daniel's earliest date of first use.

## THIRD AFFIRMATIVE DEFENSE
### Laches

51. Any claim for relief is barred in whole or in part through the equitable doctrine of laches.

## COUNTERCLAIMS

52. SPG incorporates herein by reference all of its forgoing allegations and admissions of its answer and its affirmative defenses.

53. This counterclaim is brought pursuant to the Lanham Act, 15 U.S.C. §1051 *et seq.* as well as supplemental jurisdiction over SPG's corresponding state claim brought pursuant to N.C. Gen. Stat §75-1.1.

54. This Court has jurisdiction over the subject matter of this counterclaim under 28 U.S.C. §§1331 and 1338 and over the parties themselves.

55. Jerry and Melissa Gulyes are officers and sole shareholders of SPG and are responsible for the day to day operations of SPG.

56. Commencing in 1992, the Gulyes began offering mystery shopping and related consumer satisfaction services under the mark SERVICE PERFORMANCE GROUP, and within a short amount of time, began offering these services across the United States.

57. The Gulyes built a nationwide network of mystery shoppers and offered a wide range of mystery shopping, telephone mystery shopping, promotional and advertising agencies support to retailers nationwide.

58. SPG marketed its services, to include over the Internet at [wwwserviceperformancegrp.com](wwwserviceperformancegrp.com) and at [www.spgweb.com](www.spgweb.com).

59. SPG was and is a charter member of the premier trade association for the industry, The Mystery Shopper Provider Association. SPG's SERVICE PERFORMANCE GROUP name and mark has been and is well known within the mystery shopping industry for over ten years.

60. The Gulyes have made continual and ongoing use of the SERVICE PERFORMANCE GROUP mark in interstate commerce since 1992.

61. The Gulyes have assigned all of their rights, title, and interest in and to the mark SERVICE PERFORMANCE GROUP to SPG.

62. Upon information and belief, Daniel did not begin using its SERVICEPERFORMANCE mark before January 2005.

63. Upon information and belief, Daniel had actual knowledge of the Gulyes' SERVICE PERFORMANCE GROUP mark prior to Daniel's first use of its SERVICEPERFORMANCE mark.

64. By letter through counsel dated January 14, 2010, SPG informed Daniel that SPG's rights in the mark SERVICE PERFORMANCE GROUP dated back to 1992 through SPG's predecessors in interest.

65. On February 18, 2010, SPG filed a petition with the United States Patent and Trademark Office to cancel Daniel's U.S. service mark registration no. 3,457,247 for its SERVICEPERFORMANCE mark.

66. Daniel's use of its SERVICEPERFORMANCE mark for business management consulting services relating to customer satisfaction is likely to cause confusion with SPG's SERVICE PERFORMANCE GROUP mark for mystery shopping and customer relations evaluation services.

67. SPG and its predecessors in interest expended considerable time, effort and money in establishing and promoting its services offered under the SERVICE PERFORMANCE GROUP mark. Daniel's use of the SERVICEPERFORMANCE mark has damaged and will continue to damage SPG by creating a likelihood of consumer confusion.

### FIRST COUNTERCLAIM
### False Designation of Origin/Unfair Competition
### 15 U.S.C. § 1125(a)

68. The allegations of the preceding paragraphs are repeated herein.

69. Daniel's acts set forth above constitute unfair competition in violation of the Trademark Laws of the United States, 15 U.S.C.§ 1125(a).

70. Daniels' use of SERVICE PERFORMANCE in interstate commerce constitutes a false designation of origin, description or representation in violation of SPG's rights and distinctive SERVICE PERFORMANCE GROUP mark which wrongfully and falsely designates,

7
Case 5:10-cv-00082-FL   Document 8   Filed 05/06/10   Page 7 of 11

describes or represents Daniel's services, causing likely confusion, mistake and deception as to affiliation, connection or association in violation of 15 U.S.C.§ 1125(a).

71. Daniel's actions have caused damage and injury to SPG. An award of monetary damages alone cannot fully compensate SPG for its injuries and SPG lacks an adequate remedy at law.

72. Daniel's actions have been and continue to be deliberate, willful and wanton, making this an exceptional case warranting an award of attorneys fees against Daniel.

## SECOND COUNTERCLAIM
### Unfair Business Practices and Deceptive Trade Practices
### N.C. Gen. Stat.§ 75-1.1 *et seq.*

73. The allegations of the preceding paragraphs are repeated herein.

74. Daniel's activities set forth above have caused and will continue to cause a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation, source or connection with SPG, in violation of the North Carolina unfair and deceptive trade practices act N.C. Gen. Stat.§75-1.1 *et seq.*

75. Daniel's conduct complained of herein has and continues to effect commerce within the state of North Carolina.

76. Daniel's conduct complained of herein constitutes unfair methods of competition or unfair and deceptive trade practices.

## THIRD COUNTERCLAIM
### Cancellation of U.S. Trademark Registration
### 15 U.S.C. §§ 1064 & 1119

77. The allegations of the preceding paragraphs are repeated herein.

78. Daniel has asserted U.S. Service Mark Registration No. 3,457,247 against SPG in this proceeding.

79. Daniel's attempt to enforce its trademark rights against SPG is likely to continue damaging SPG in the future and will continue to cast a cloud over SPG's rights and ownership in its SERVICE PERFORMANCE GROUP mark.

80. Through its predecessors in interest, SPG commenced use of its SERVICE PERFORMANCE GROUP mark well prior to Daniel's first use of its SERVICEPERFORMANCE mark, giving SPG senior rights in its SERVICE PERFORMANCE GROUP mark.

81. Daniel's use of its SERVICEPERFORMANCE mark is likely to cause confusion with SPG's mark.

82. Daniel's registered trademark has and will continue to damage SPG, and therefore should be cancelled.

Wherefore SPG respectfully prays the Court that:

A. Daniel's claims be dismissed;

B. Daniel have and recover nothing of SPG;

C. Daniel's prayer for relief be denied in its entirety;

D. Daniel and its respective offers, agents, and employees be permanently enjoined from using SERVICEPERFORMANCE or any other mark or designation that is likely to cause confusion with SPG's mark;

E. Daniel be ordered to deliver up for destruction all materials in its custody or under its control that bear the SERVICEPERFORMANCE mark;

F. Daniel's U.S. service mark registration 3,457,247 be cancelled;

G. SPG be awarded monetary relief including actual damage as well as profits received by Daniel from sales and revenues of any kind in connection with the use of SERVICEPERFORMANCE and that such damages be trebled.

H. Daniel be required to run corrective advertising in all media and through all sources where it has made use of the SERVICEPERFORMANCE mark stating that it is not associated with nor endorsed by SPG and that Daniel is ceasing use of the SERVICEPERFORMANCE mark pursuant to Court order and to inform each and every one of its customers of the same.

I. SPG's damages be trebled and its reasonable attorney fees be taxed against Daniel pursuant to N.C. Gen. Stat. §§75-16 & 75-16.1;

J. The cost of this action be taxed against Daniel;

K. SPG have such other and further relief as the Court deems just and appropriate.

SPG DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

This the 6th day of May 2010.

        **COATS & BENNETT, PLLC**
        **Attorneys for defendant**

        By: /s/ *Anthony J. Biller*
         N.C. State Bar No.: 24,117
         David E. Bennett
         N.C. State Bar No.: 12,864
         Emily M. Haas
         N.C. State Bar No.: 39,716
         1400 Crescent Green, Suite 300
         Cary, NC 27518
         Telephone: (919) 854-1844
         Facsimile: (919) 854-2084
         E-mail: abiller@coatsandbennett.com
           dbennett@coatsandbennett.com
           ehaas@coatsandbennett.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of May, 2010 a copy of the foregoing **ANSWER AND COUNTERCLAIM** was filed with the Clerk of Court using the CM/ECF system which will send electronic notification to opposing counsel at the following address:

>Mr. Seth L. Hudson
>Clements Bernard
>1901 Roxborough Road
>Suite 250
>Charlotte, NC 28211

>By:   /s/ *Anthony J. Biller*
>N.C. State Bar No.: 24,117
>1400 Crescent Green, Suite 300
>Cary, NC 27518
>Telephone: (919) 854-1844
>Facsimile: (919) 854-2084
>E-mail: abiller@coatsandbennett.com
>*Attorney for defendant*